UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FLETCHER QUILLER,

                                                            **COMPLAINT**

                Plaintiff,

                                               **JURY TRIAL DEMANDED**

    -against-

THE CITY OF NEW YORK, OFFICER DANIEL NUNEZ
Shield No. 18750, OFFICER RODRIGUEZ, and
OFFICER JOHN DOES 1-2

                Defendants.
----------------------------------------------------------------x

    Plaintiff, Fletcher Quiller, by and through his attorneys, Ofodile & Associates, P.C. complaining of the Defendants, The City of New York, Officer Daniel Nunez, Shield No. 18750, Officer Rodriguez, and Officer John Does 1-2 alleges as follows:

### NATURE OF ACTION

    1.    This is an action for false arrest, false imprisonment, denial of the right to a fair trial and malicious prosecution against the City of New York and its agents at New York Police Department that caused Plaintiff loss of freedom, significant financial losses as well as emotional distress.

    2.    This is an action to redress the pain and suffering and psychological injuries sustained by Plaintiffs as a result of the intentional, malicious, careless, and negligent acts of the City of New York, and some of its Police Officers.

## JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. §1331, this being an action arising out of the Constitution and Federal Law, and by 28 U.S.C. § 1343 (a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Plaintiff by the Constitution, and by 42 U.S.C. §1983

4. Venue is proper in the Eastern District of New York because the events complained of occurred in Westchester County, which is within the Eastern District of New York.

## PARTIES

5. At all time relevant and material to this action, Plaintiff Fletcher Quiller was a citizen of the United States of America residing at Westchester County, New York, within the jurisdiction of this Court.

6. During all times relevant and material to this action, Defendants, The City of New York was a municipal corporation incorporated under the laws of the State of New York.

7. During all times relevant and material to this action, Defendant Police Officers Daniel Nunez, Shield No. 18750, was an employee of the City of New York through its Police Department.

8. Rodriguez was an employee of the City of New York through its Police Department.

9. John Does 1-2 were employees of the City of New York through its Police Department.

10.     During all times relevant and material to this action, Defending Police Officers Daniel Nunez, Shield No. 18750, Rodriguez, John Does 1-2 were acting as employees/agents of Defendant City of New York, and therefore Defendant, City of New York is responsible for the actions of the defendant Police Officers and each of them under the principal-agent/ respondeat superior theory.

## FACTUAL ALLEGATIONS

11.     On April 30, 2013, at approximately 1:00 pm, Plaintiff was in a taxi( a Toyota Prius) which was stopped at the corner of the South 10th Avenue and West Sanford Boulevard Mt. Vernon, New York, two blocks into Westchester County by NYC police officers.

12.     Plaintiff's vehicle had passed three police officers at the light, on Mundy Lane at Putman Avenue on the left hand side, finishing a stop.

13.     When Plaintiff's taxi was stopped, one of the officers came and opened the front passenger door of the taxi, where Plaintiff was sitting.

14.     He ordered Plaintiff to get out of the vehicle, Plaintiff got out of the car as was commanded. The officers pulled Plaintiff back to the back of the car, searched him and found an ornament knife, shaped like a motorcycle on him.

15.     They also searched the driver and found a knife on him. The knife found on the driver was the knife Plaintiff had given the driver as a gift after he unloaded his things when he was initially dropped at his home.

16.     The officers then arrested the plaintiff and the driver of the vehicle for possession of weapons, charging the plaintiff with weapon's possession. The officers alleged in their arrest report and court papers that Plaintiff and the driver were arrested after they saw the knife they

3

recovered from the driver clipped to Plaintiff's shirt.

17. This was a physical impossibility and the Officers knowing that that was the case lied on official records to create a reason both for the stop and the arrest.

18. The prosecutor admitted that the knife which the officers received from the driver, which they claimed they saw clipped to the Plaintiff's pocket was not a gravity knife and dismissed the claim.

19. The other knife found on the plaintiff was not an illegal knife, but an ornament knife. The criminal case charges filed against Plaintiff by the Officer was dismissed on Thursday March 27th, 2014 but Honorable Linda Post Lopez found during a pretrial hearing on February 4, 2014 that there was no probable cause for the Police to stop the vehicle in which Plaintiff was a passenger which led to the later dismissal of the charges.

20. When Plaintiff was arrested on April 30, 2013, bail was set at $1,600.00 and Plaintiff made bail on May 3rd, 2014.

21. Plaintiff's bail was revoked because of a missed court date and he ended up in jail for a couple of days. Plaintiff was in court by 10:00 am waiting to be called. For two hours, he did not see his lawyer. He came back in the afternoon, stayed and was not called.

22. Plaintiff who lived in Westchester did not know the procedure in New York City of checking in.

23. After waiting all day and his case was not called, he left and was told that his case was called five minutes after he left.

24. Plaintiff 's bail was revoked and Plaintiff was remanded from on or about June 20th to July 26th 2013.

25. As a result of this arrest and malicious prosecution, Plaintiff was held from August to September 16th 2013.

26. As a result of this arrest and malicious prosecution, Plaintiff lost $10, 000.00 cash and $3,000.00 to bondsman.

27. As a result of this arrest and malicious prosecution, Plaintiff 's business was destroyed. Plaintiff had bought three trucks and signed a lease for an office. He lost $26,000.00 in one truck, $5,000.00 in another truck and his incarceration caused his tow truck to be towed and sold.

28. As a result of this arrest and malicious prosecution, Plaintiff's business which involved transporting automobiles in tractor-trailers throughout the country and arranging for a profit for such transportation when his own tractor-trailers were not available to do the transportation has never recovered and will never recover.

29. As a direct consequence and result of the acts of Defendants herein above complained of,  Plaintiff was deprived of liberty for substantial period of time, suffered severe physical, mental and emotional distress, was unable to attend the duties of his employment, and sustained damages for loss of earnings during that period.

### AS FOR A FIRST CAUSE OF ACTION

30. Plaintiff repeats and reallges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. Plaintiff was arrested and imprisoned without probable cause to believe that he had committed any offense in violation of his rights not to be arrested and imprisoned without probable cause as guaranteed to him under the 4th and 14th Amendment and by 42 U.S.C. §1983.

**AS FOR A SECOND CAUSE OF ACTION**

32. Plaintiff repeats and realleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33. Plaintiff was searched without a warrant and without probable cause in violation of his rights not to be searched without warrant and without probable cause as guaranteed to him by the 4th and 14th Amendment, 42. U.S.C. § 1983, and the Common law.

**AS FOR A THIRD CAUSE OF ACTION**

34. Plaintiff repeats and realleges paragraphs 1 through 33 as if each paragraph is repeated verbatim herein.

35. Plaintiff was maliciously prosecuted by Defendants after being falsely arrested and charged with weapons possessions and possession marijuana and the charges against Plaintiff were dismissed in his favor in March 2014 and Defendants violated Plaintiff's $4^{th,}$ and 5th and 6th Amendment rights when he was maliciously prosecuted.

**AS FOR A FOURTH CAUSE OF ACTION**

36. Plaintiff repeats and reallges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37. Defendants denied the plaintiff right to a fair trial, and maliciously prosecuted him when Defendants charged Plaintiff for weapon's possession when they alleged that the knife recovered physically from the driver of the vehicle was seen clipped inside Plaintiff's pocket and that gave them probable cause to arrest Plaintiff when they knew that the knife they was not in Plaintiff's possession, was in fact recovered from the driver and that was why they also arrested the driver of the vehicle and thereby violated Plaintiff's rights against

unfair trial and malicious prosecution as guaranteed to him by the 4th, 5th, 6th and 14th Amendment to the Constitution.

### AS FOR A FIFTH CAUSE OF ACTION

38.   Plaintiff repeats and realleges paragraphs 1 through 37 as if each paragraph is repeated verbatim herein.

39.   The violations of Plaintiff's constitutional rights and of Federal Law as herein enumerated by Defendants Police Officers and each of them, were carried out under the following policies, customs, and practices of Defendant City of New York:

i.   Failure to establish, publish, and instill in New York City Police Officers the practical meaning of probable cause or reasonable cause for arresting a citizen or charging a citizen with a crime so that officers would not detain, arrest, and/or charge citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

ii.   De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police under the aggressive policing policy of the Giuliani and Bloomberg administrations to arrest first and ask questions later;

iii.   Failing to take proper corrective and punitive actions against overreaching police officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

iv.   Establishing a policy which requires officers to stop, frisk and ask citizens questions even when they have not committed any crimes or suspected of committing any crimes

which the City knows is unconstitutional but which it in any case enforces based in its war on crimes.

   v. Encouraging the Police to meet arrest quotas which puts pressure on officers to arrest for no reason in order to meet their arrest quotas or the stop and frisk quotas and to make up crimes, infractions or violations that citizens have not committed in order to justify the stop and frisk, arrest, etc.

40. Under 42 U.S.C. § 1983, Defendant City of New York is jointly and severally liable with Defendants Police Officers and each of them for the general and specific damages Plaintiff sustained, as well as for the attorneys' fees and the costs and disbursements of the action for the damages Plaintiff sustained as a result of the City's policies detailed in ¶ 39 above..

**WHEREFORE,** Plaintiff prays the Court for judgment as follows:

For each of the constitutional and statutory violations complained of:

  i. general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his physical, emotional, and mental distress – against all Defendants, jointly and severally;

  ii. general damages for the loss of business, lost business opportunities and lost profits reasonably occasioned by the arrest, in the amount to be proved at trial and in accordance with proof, against all Defendants, jointly and severally;

  iii. specific damages attorney fees paid to defend the criminal charges, bail bonds paid and lost, vehicles towed and sold, among others, against the Defendants, jointly and severally,

  iv. punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

  v. attorneys' fees and the costs and disbursements of this action – against all Defendants, jointly and severally; and

  vi. such other relief as the court deems just and proper.

Dated: Brooklyn, New York
   April 29, 2016

         OFODILE & ASSOCIATES, P.C.
         Attorneys for Plaintiff Fletcher Quioller

          s/b
         By: _____
         ANTHONY C. OFODILE, ESQ.
         498 Atlantic Ave.
         Brooklyn, NY 11217
         Tel. No.: (718) 852-8300
         ACOfodile@aol.com